Sam Samkoff v. Commissioner.
Samkoff v. Commissioner
Docket No. 54266.
United States Tax Court
1957 Tax Ct. Memo LEXIS 240; 16 T.C.M. (CCH) 93; January 25, 1957
*240 HARRON Order HARRON, Judge: Memorandum Findings of Fact and Opinion, 1956-251, was filed in this case on November 14, 1956 [15 TCM 1283, Dec. 22,018(M); T.C. Memo. 1956-251]. For cause appearing of record, it is ORDERED: (1) That on page 4 of the Memorandum report, in the Findings of Fact, the second paragraph (beneath a table of figures), and the third and fourth paragraphs are stricken and deleted, and, in lieu thereof, the following paragraphs are substituted: "The Commissioner's records show that petitioner filed income tax returns for the years 1935, 1937, 1938, 1939, 1940, 1941, and 1942. In the returns filed for 1935, 1937, 1938, 1939, and 1942, it was reported that no tax was due. Petitioner's net income, as disclosed by the income tax return filed for 1942, amounted to $309.40. This amount of net income, reported, is disclosed by the statement attached to the statutory notice of deficiency as well as by a copy of the 1942 income tax return of the petitioner which was retained by petitioner's accountant." "An examination by a district director of Internal Revenue of records of the office of the district director of Internal Revenue *241 for Albany, New York shows that such office does not have any record of assessments and payments of income taxes of the petitioner for the years 1926 through 1934, a period of 9 years, and, also, does not have any record of assessments and payments of income taxes of the petitioner for the years 1936, 1940, 1941, and 1942." (2) That on page 18 of the Memorandum report, in the Findings of Fact, the fourth paragraph is deleted and there is substituted, in lieu thereof, the following: "In 1942, 1943, and 1945, petitioner realized, and failed to report in his income tax returns, net income in the amounts of $4,660.88, $14,052.99, and $23,236.45, respectively. Petitioner filed a false and fraudulent return for 1942, with intent to evade tax. Part of the deficiency for each of the years 1942, 1943, and 1945 was due to fraud with intent to evade tax." (3) That on page 23 of the Memorandum report, in the Opinion, there is added, after the last paragraph, the following: "Petitioner maintained throughout the taxable years bank accounts in fictitious names, and the amounts deposited in these accounts greatly exceeded the amounts in accounts in his own name. Petitioner has failed to explain *242 satisfactorily his concealment of income through fictitious names for his bank accounts. The effect of this practice was evasion of taxes. Sam D. Hecht, supra. Careful consideration of all of the evidence compels the conclusion that petitioner filed a false and fraudulent return for 1942, and, therefore, the deficiency for 1942 is not barred. It is concluded, further, that the falsity of the returns for 1942, 1943, and 1945 was known and deliberate."